## Camp Ground Telephone Company v. Gregory.

(Decided October 26, 1916.)

### Appeal from Knox Circuit Court.

Master and Servant—Telephone Lineman—Safe Place to Work.— Where an experienced telephone lineman was injured by the falling of a telephone pole on which he was working, that had been put in the ground only about one-third of the distance it should have been, he was entitled to recover damages from the company, it appearing that he applied the usual tests made by telephone men for the purpose of ascertaining the safety of the pole, and had no connection with putting the pole in the ground and did not know that it had not been properly set.

BLACK, BLACK & OWENS for appellant.

GOLDEN & LAY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is a very simple case. Gregory, an experienced telephone lineman, was seriously injured when a pole that he had ascended fell, throwing him to the ground. In a suit to recover damages, there was a judgment in his behalf for eight hundred dollars, and the telephone company appeals.

The evidence shows that telephone poles should be put in the ground a depth of from four to five feet, but that this pole had been put in the ground only about eighteen inches. That it was put in the ground by other

employes of the telephone company with whom Gregory had no connection, and that he did not know or have any information how deep it had been put in the ground until it fell.

Before and when he attempted to climb it, he applied the usual tests made by telephone linemen for the purpose of ascertaining if the pole was sound and sufficient to support his weight. These tests disclosed no defect in the pole, and so Gregory proceeded to ascend it. When he reached the top, and while he was leaning over for the purpose of adjusting the wires, the pole suddenly fell, and the evidence shows that its fall was due entirely to the fact that it had not been placed in the ground a sufficient distance. It is further shown that this fact could not have been discovered by the customary tests that experienced linemen were in the habit of making.

The damages he recovered were no more than reasonable compensation for the injuries sustained, and there appearing to be no error in the record, the judgment is affirmed.